# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | Adversary Proceeding |
| DEBORAH H. LIGGINS<br>(Chapter 13 Case Number 12-41714) | ) | Number 12-4058 |
| *Debtor* | ) | |
| DEBORAH H. LIGGINS | ) | **FILED**<br>Lucinda B. Rauback, Clerk<br>United States Bankruptcy Court<br>Savannah, Georgia<br>*By lbarnard at 4:32 pm, Jan 14, 2013* |
| *Plaintiff* | ) | |
| v. | ) | |
| CROSSGATE MOTORS, INC. | ) | |
| *Defendant* | ) | |

**OPINION AND ORDER**

FINDINGS OF FACT

On March 22, 2010, Deborah H. Liggins ("Debtor") purchased a 2008 Suzuki Forenza automobile from Crossgate Motors, Inc. ("Defendant"). The Debtor purchased the vehicle for $10,560.65, paying cash in the amount of $2,080.65 and financing the balance of $8,480.00. Bill of Sale, Exh. D-1 at 1. Under the contract, the Debtor was to make thirty-six monthly payments to the Defendant of $350.76 at 28.00 percent interest commencing on April 22, 2010. Sales Contract, Exh. D-1 at 2. The final payment under the

AO 72A
(Rev. 8/82)

contract is due May 22, 2013. Between April 21, 2010, and the filing of the Debtor's petition on August 30, 2012, the Debtor paid a total of $6,878.70 to the Defendant. Exh. D-1 at 5. Had the Debtor made all of the contract payments from April 22, 2010, through August 22, 2012, she would have paid $9,821.28.

Thus, Debtor had an arrearage of $2,942.58 when her petition was filed. The Defendant repossessed the vehicle on August 30, 2012, early in the day. Later, the Debtor filed her petition. Accordingly, Defendant repossessed the vehicle pre-petition. The Defendant has not returned the repossessed vehicle to the Debtor, and Debtor seeks recovery of the vehicle through this proceeding.

The Debtor's amended plan provides for pre-confirmation adequate protection payments to the Defendant of $60.00 per month. Dckt. No. 13. The amended plan also treats the claim of the Defendant in the amount of $5,824.30 as fully secured and pays the claim at 5.25 percent interest with a post-confirmation payment of $184.00 per month. *Id.* Taking into account three months of pre-confirmation adequate protection payments, the proposed post-confirmation payments would pay off the balance of the claim in approximately thirty-three months. The proposed repayment of the debt under the terms of the amended plan, contrasted with the terms of the contract, extends the payoff to the Defendant by approximately two years and three months – from May 2013 to August 2015.

The Debtor's employment with SODEXO, Inc., is seasonal in nature and is

not consistent throughout the year. The Debtor is employed as a cashier in a dining hall at Armstrong Atlantic State University. During time periods when students at Armstrong are not attending classes, the Debtor may receive reduced income, which she offsets in part with unemployment benefits. Debtor's fluctuating income makes her ability to pay difficult.

## CONCLUSIONS OF LAW

There is no affirmative, automatic turnover duty for a Chapter 13 debtor. A debtor's right to possess and use estate property is not automatic or unqualified. Rather, a debtor's use of estate property is subject to the court establishing conditions for adequate protection. *See* Brown v. Joe Addison, Inc. (*In re* Brown), Adversary Proceeding No. 97-4034, Dckt. No. 21 (Bankr. S.D. Ga. 1997) (Davis, J.) "Adequate protection, defined in § 361, includes periodic cash payments and 'other relief' to assure that the creditor receives the 'indubitable equivalent' of its collateral. This usually involves, at a minimum, some showing that collateral is adequately insured, that debtor is employed, that debtor has made and can continue to make periodic payments to the Chapter 13 trustee, that the vehicle is adequately maintained, and that the projected payments from the trustee will reasonably cover the future depreciation of the vehicle." *Id.* at 10.

Despite her best efforts, the Debtor cannot meet the requirements of adequate protection as to the Defendant's collateral in this case. Following a previous hearing the Court requested and received a condition report on the vehicle and took evidence on that issue at trial. The book value of the vehicle ranges from $8,275.00 for a "clean retail"

condition, to $5,450.00 for "average trade," to $4,600.00 for a "rough trade." Dckt. No. 9. The car has been wrecked, although the necessary repairs have been made. Defendant values the car for resale at $4,500.00, and based on the evidence before me I conclude that the car is in less than "average trade" condition. Thus, I find a current value between $4,500.00 and $5,000.00. At that level there is no margin to protect the lender against depreciation during the time period between now and the extended maturity date in 2015. The extended pay-out thus places the lender at risk and there is no adequate protection to compensate for that risk, especially when the Debtor has consistently struggled to maintain payments in the past.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that adequate protection as to Crossgate Motors, Inc., is insufficient and the automatic stay is lifted as to Crossgate Motors, Inc., so that Crossgate Motors, Inc., is permitted to liquidate the 2008 Suzuki Forenza automobile and is allowed a deficiency claim in the Debtor's Chapter 13 case.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 14th day of January 2013.